IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                          CRIMINAL CASE NO.: 3:21-CR-107-SA-2

THOMAS IROKO AYODELE                                          DEFENDANT

ORDER

Now before the Court is Thomas Iroko Ayodele's *pro se* Motion to Reduce Sentence [214]. The Government opposes Ayodele's request. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Background*

On October 27, 2021, an Indictment [1] was filed against McThunel and two other individuals—Gilbert McThunel II and Jamarr Smith. The Indictment [1] alleged that the Defendants "did rob Sylvester Cobbs, a person having lawful charge, control, and custody of any mail matter, money, and other property of the United States, of such mail matter, money, and property, and in doing so, did put Sylvester [Cobbs'] life in jeopardy by the use of a dangerous weapon[.]" [1] at p. 3. In addition to that substantive offense, the Defendants were also charged with conspiracy to commit that offense.

All three Defendants proceeded to trial. At the conclusion of the four-day trial, the jury convicted all three Defendants on both counts. *See* [132].

On June 13, 2023, the Court sentenced Ayodele to serve a term of imprisonment of 136 months to be followed by 5 years on supervised release. *See* [190].

According to the Bureau of Prisons' website, Ayodele is currently housed at FCI Yazoo City Low with an anticipated release date of October 21, 2031. *See* www.bop.gov/inmateloc/. In

his present filing, Ayodele seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines.[1]

*Analysis and Discussion*

After imposition of a term of imprisonment, courts are limited in their ability to modify the imposed term. *See*, *e.g.*, *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). But 18 U.S.C. § 3582(c) provides authorization for courts to do so under certain circumstances, reading in pertinent part as follows:

> **(c) Modification of an imposed term of imprisonment.** -- The court may not modify a term of imprisonment once it has been imposed except that --
>
> . . .
>
> **(2)** in the case of defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Consistent with this statutory language, the Supreme Court has articulated a two-step analysis for courts to follow in determining whether a sentence reduction is appropriate, explaining that courts should (1) determine the defendant's eligibility for a sentence modification and what amended guideline range would have been applicable; and (2) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular

---

[1] Multiple pages of Ayodele's filing concerns substantive issues that Ayodele claims he desires to preserve for collateral review. The Court will not address those arguments.

circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

In his filing, Ayodele requests a sentence reduction pursuant to Amendment 821 Part A and Part C. The Court will address them in turn.

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points or less no longer receives any status points. *Id*.

The Court has reviewed Ayodele's Presentence Investigation Report [177]. He received no "status points" and therefore is not eligible for a reduction under Part A.

"Part C provides that a downward departure may be warranted if the defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person." *United States v. Bell*, 2026 WL 27850, at *2 (N.D. Miss. Jan. 5, 2026) (quoting Amendment 821, USSG, Supplement to Appendix C (Nov. 1, 2023)). Ayodele's argument under this Part is based on Paragraph 35 of his Presentence Investigation Report [177]. The Presentence Report indicates that, in 2005, Ayodele faced charges in the Circuit Court of Lafayette County, Mississippi for sale of cocaine, sale of marijuana, possession of cocaine, possession with intent to distribution marijuana, and conspiracy. [177] at p. 7. The Presentence Investigation Report indicates that Ayodele was actually convicted in 2009 for possession of cocaine, which would make Part C (which applies only to convictions for marijuana possession) inapplicable. The other charges were retired to the file. Ayodele contends that this is not accurate and that he was actually convicted of possession of marijuana. The Court relies on

the substance of the Presentence Investigation Report [177], to which no objection on this point was raised at sentencing. Part C is inapplicable.

However, the Court otherwise notes that, even if Ayodele's conviction was for possession of marijuana, the outcome would not change. That is because, even if an individual establishes eligibility for a sentence reduction, the second step of the requisite analysis requires the reviewing court to consider any applicable Section 3553(a) factors. *See Dillon*, 560 U.S. at 827, 130 S. Ct. 2683. These factors do not weigh in favor of a sentence reduction here. The nature and circumstances of the subject offense are extremely serious. Ayodele was convicted of a conspiracy that unnecessarily traumatized and victimized a man who was simply completing his job duties as a postal worker. The sentence imposed is necessary to reflect the seriousness of this conduct, to promote respect for the law, and provide just punishment. The Court feels as though it has an obligation to protect the public from this Defendant, who again was convicted of participating in this conspiracy of threatening and jeopardizing the life of a postal worker through use of a firearm presumably solely for the purpose of financial gain. This is precisely the type of conduct for which a lengthy prison sentence is needed. The Court also notes that, even if the 2009 conviction was for marijuana (not cocaine), Ayodele does have a prior conviction related to possession of illegal drugs. That, too, weighs against a sentence reduction, as it is indicative of a history of noncompliance with the law by this Defendant.

Ultimately, the Section 3553(a) factors do not weigh in favor of relief, even if Ayodele could establish eligibility. The imposed sentence is necessary to carry out the objectives of the Section 3553(a) factors.

*Conclusion*

Ayodele's *pro se* Motion [214] is DENIED. His sentence will not be modified.

SO ORDERED, this the 24th day of April, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE